**No. 54958.**—Amcu Corp. et al. *v.* United States, protests 161681–K, etc. (New York).

Opinion by JOHNSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, DECEMBER 8, 1950

**No. 54959.**—Oxford University Press, N. Y., Inc. *v.* United States, petition 6745–R (New York).

Opinion by MOLLISON, J. The merchandise was entered and appraised on the basis of cost of production, as defined in section 402 (f), Tariff Act of 1930. The entered value included an item as to the allocation of certain nonrecurring costs, consisting of composition, proofreading, plates, etc., based upon an edition of 65,000 copies, of which 20,000 had been printed at the time of exportation, while the appraised value included an item for the said nonrecurring costs based upon the 20,000 copies which had been printed. Petitioner determined to establish a test case, which was done, and the matter was prosecuted to a final determination by the appellate court in *Oxford University Press, N. Y., Inc.* v. *United States* (36 C. C. P. A. 102, C. A. D. 405), which was adverse to the petitioner's contention. From the record the court was satisfied that there was no intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

DECEMBER 7, 1950

**No. 54960.**—Superior Dowel Co. *v.* United States, protest 143118–K. Plaintiff's application for rehearing denied.

BEFORE THE FIRST DIVISION, DECEMBER 12, 1950

**No. 54961.**—Walco Bead Company et al. *v.* United States, protests 138263–K, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of beads similar in all material respects to those the subject of Abstract 54251, the claim at 35 percent under paragraph 1503 was sustained.

**No. 54962.**—Cooper & Brase, Inc., et al. *v.* United States, protests 142163–K, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

**No. 54963.**—Maya Shanker P. Pattani *v.* United States, protest 142537–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

**No. 54964.**—Joseph Blank et al. *v.* United States, protests 157476–K, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

**No. 54965.**—Kittay & Blitz, Inc., and H. Sussbach & Co. *v.* United States, protests 162977–K and 162767–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

BEFORE THE SECOND DIVISION, DECEMBER 12, 1950

**No. 54966.**—National Jewelers Co. et al. *v.* United States, protests 118804–K, etc. (New York).

Opinion by LAWRENCE, J. It was stipulated that the items of merchandise marked "A" or "B" on the invoices consist of watch movements similar in all